**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WELLS FARGO HOME MORTGAGE;
BANK OF AMERICA, N.A.; WORLD
SAVINGS BANK FSB,

     Defendant Cross Claimants -
Appellees,

BROOKLYN M. GREEN,

     Defendant,

v.

MARK ANDRES GREEN; JANA RAE
GREEN,

     Defendants Cross Defendants -
Appellants,

and

D. SCOTT HEINEMAN; KURT F.
JOHNSON,

     Defendants Cross Defendants.

No. 15-5032
(D.C. No. 4:12-CV-00441-JED-FHM)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

_____

Proceeding pro se, Mark and Jana Green appeal from a district court order granting summary judgment in favor of the United States and of several mortgagees in the government's suit brought to reduce the Greens' federal tax liabilities to judgment. The Greens argue the district court lacked subject-matter and personal jurisdiction to render the judgment from which they appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

The United States commenced the present action in the Northern District of Oklahoma to reduce the Greens' unpaid tax liabilities to judgment and to enforce the government's liens by judicial sale of three of the Greens' properties. In accordance with 26 U.S.C. § 7403(b),[1] the government named as defendants Wells Fargo Home Mortgage, Bank of America, N.A., and World Savings Bank FSB (collectively, the "Mortgagees") because of the Mortgagees' interests in the Greens' properties. The Greens owe more than $210,000 in unpaid taxes, including penalties and interest.

_____

ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] 26 U.S.C. § 7403(b) provides: "All persons having liens upon or claiming any interest in the property involved in [an] action [to enforce a federal tax lien] shall be made parties thereto."

This is not the Greens' first appeal to this court regarding their taxes. *See Green v. Pershing, LLC*, 516 F. App'x 685, 686 (10th Cir. 2013) (unpublished) (affirming district court's conclusion that Mr. Green could not file an action against a third-party that had complied with an IRS notice of levy); *Green v. Comm'r*, 608 F. App'x 671, 672 (10th Cir. 2015) (unpublished) (affirming Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue in action challenging the imposition of a federal lien on Mr. Green's property). In the present case, the Greens appeal the district court's summary judgment order reducing their federal tax liabilities to judgment.

## II.    Discussion

The Greens present two issues on appeal. First, the Greens argue that the district court lacked subject-matter jurisdiction in the action below. Second, the Greens argue that the district court did not have personal jurisdiction over them.

## A.    Subject-Matter Jurisdiction

The Greens' primary argument on appeal is that the district court lacked subject-matter jurisdiction to reduce federal tax liens to judgment. We review de novo issues of subject-matter jurisdiction. *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993). The Greens fail to present any coherent arguments that would persuade us that the district court erred in exercising subject-matter jurisdiction in this case.

As best we can tell from their briefing, the Greens argue that the district court lacked subject-matter jurisdiction given the court's limited jurisdiction under Article

III of the United States Constitution. The Greens argue that the internal revenue laws are not the "Laws of the United States" to which the Constitution refers, but laws arising under the public-rights doctrine. Appellant's Opening Br. 20 ("In 26 U.S.C. § 7402(a) '[E]nforcement of the **internal revenue laws'** and are not **'Laws of the United States,'** but are under the 'public rights' doctrine.").[2] To the extent the Greens argue the district court did not have subject-matter jurisdiction over the government's action to reduce federal tax liabilities to judgment, established law is against them. In its complaint, the government noted that district court had jurisdiction under 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403.  We agree.

Under 28 U.S.C. § 1340, Congress conferred upon district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." Further, 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Perhaps most importantly here, 26 U.S.C. § 7403 provides:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of

---

[2] This type of argument, as the district court noted in its order denying the Greens' motion to vacate the judgment below, is representative of the Greens' briefed arguments.

4

whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Because Congress has authorized the district court to exercise its subject-matter jurisdiction over this type of case, we affirm the district court's exercise of that authority here. *See* 26 U.S.C. § 7403(a).

## B.     Personal Jurisdiction

The Greens also argue the district court did not have personal jurisdiction over them in this case because they are not citizens of the United States, but rather citizens of Oklahoma. "We review de novo questions of personal jurisdiction." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1214 (10th Cir. 2011). We agree with the government that the Greens failed to dispute that they are residents of Oklahoma subject to the district court's jurisdiction.

"Federal courts may exercise personal jurisdiction over a defendant 'who is subject to the jurisdiction of a [state] court . . . in the state where the [federal] court is located.'" *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013) (quoting Fed. R. Civ. P. 4(k)(1)(A)). Because the Greens are citizens of Oklahoma, therefore, the Northern District of Oklahoma properly exercised personal jurisdiction over them.

The decision of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5